# EXHIBIT A



UNITED STATES DEPARTMENT OF EDUCATION

THE UNDER SECRETARY

December 1, 2016



Mr. Jack Rives
Executive Director and COO
American Bar Association
321 Clark Street
Chicago, IL  60654-7598

Dear Mr. Rives:

Thank you for contacting me regarding the Public Service Loan Forgiveness (PSLF) Program. I was pleased to have the opportunity to meet with you and members of your staff on September 19, 2016, to discuss your concerns with the Department's administration of the PSLF Program. As we discussed at the meeting, I am following up with you regarding the steps the Department may take to address some of the concerns you raised.

We have reviewed our processes for evaluating PSLF employment certification requests, the information currently available on the studentaid.ed.gov website regarding PSLF, and the notifications that we send to PSLF applicants. We agree that more detailed information on the PSLF webpage would be helpful to borrowers. We also agree that notifications to borrowers should provide more detailed explanations for the decisions.

Thank you for bringing this to our attention. As a result of our discussions, we plan to provide more information on the PSLF webpage by:

- Updating the public-facing Q & A to provide more detail about criteria that an employer must meet to be considered an "eligible employer";
- Identifying other areas in the public-facing Q & A that we can clarify further; and
- Prominently displaying servicer point-of-contact information for questions about PSLF.

We also plan to enhance communications with borrowers by revising the borrower notifications to:

- If we determine that a borrower has not worked for an eligible employer, provide a more detailed written explanation of that decision; and
- If we change a decision that a particular employer performs a qualifying service, clearly explain the reason for the change.

We also re-reviewed your request to reconsider the eligibility of employees of the American Bar Association (ABA) for PSLF. However, we have determined that the prior

determination is correct for the reasons outlined in a letter to you from Lynn Mahaffie on June 21, 2016 (enclosed). In short, under §455(m)(1) of the Higher Education Act of 1965, as amended (HEA), a borrower may qualify for forgiveness of a Direct Loan under the PSLF program if the borrower makes 120 qualifying monthly payments while employed in an eligible public service job. To qualify for public service loan forgiveness, an otherwise eligible borrower must be "employed in a public service job at the time of such forgiveness" and must have been "employed full-time by a public service organization" during the period in which the borrower makes each of the 120 payments [34 CFR 685.219(c)(1)(ii)]. As previously discussed, we have not received documentation to date that shows ABA's primary purpose is to provide "public interest law services" as defined in the PSLF regulations; thus we cannot determine that ABA qualifies as a public service organization for PSLF purposes.

Thank you again for raising your concerns with us. I hope that the efforts we are undertaking to improve transparency in the PSLF decision-making and improve borrower-notification processes will allay some of the concerns that you have raised.

Sincerely,

Ted Mitchell

Enclosure



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE OF POSTSECONDARY EDUCATION

Mr. Jack Rives
Executive Director and COO
American Bar Association
321 Clark Street
Chicago, IL 60654-7598

JUN 2 1 2016

Dear Mr. Rives:

Thank you for your recent letter regarding the eligibility of employees of the American Bar Association (ABA) for Public Service Loan Forgiveness (PSLF). I was glad to have the opportunity to meet with you and members of your staff to discuss your concerns on April 18, 2016.

Under §455(m)(1) of the Higher Education Act of 1965, as amended (HEA), a borrower may qualify for forgiveness of a Direct Loan under the PSLF program if the borrower makes 120 qualifying monthly payments while employed in an eligible public service job. To qualify for public service loan forgiveness, an otherwise eligible borrower must be "employed in a public service job at the time of such forgiveness" and must have been "employed full-time by a public service organization" during the period in which the borrower makes each of the 120 payments [34 CFR 685.219(c)(1)(ii)].

More information on PSLF, including information on the types of organizations that qualify as "public service organizations" is provided on our website at:

https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/public-service.

As we discussed at our April 18th meeting, the Department has determined that the ABA does not qualify as a public service organization for of PSLF purposes. At the meeting, we agreed to review any additional information that the ABA would like to submit to us to reconsider our determination. We asked you to submit additional information directly to FedLoan Servicing, the Department's PSLF servicer.

We checked with FedLoan Servicing, and they have no record of receiving any additional information from the ABA. FedLoan Servicing has received additional information regarding the ABA from an individual borrower. We reviewed this information; however, it does not demonstrate that the ABA qualifies as an eligible employer for PSLF purposes.

As you noted, private organizations that provide public interest law services may qualify as eligible employers for PSLF. The PSLF regulations define "public interest law" as "legal services provided by a public service organization that are funded in whole or in part by a local, State, Federal, or Tribal government" [34 CFR 685.219(b)]. To date, no

400 MARYLAND AVENUE, S.W., WASHINGTON, DC 20202
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2- Page 2- Mr. Jack Rives

documentation from the ABA or from a PSLF applicant demonstrates that the primary purpose of the ABA is to provide "public interest law services" the term is defined in the PSLF regulations.

I regret that some borrowers were incorrectly notified that full-time ABA employment qualified them for PSLF. However, we do not believe that the earlier, incorrect certifications of eligibility for PSLF are a valid basis for reversing our determination that the ABA is not an eligible employer for PSLF purposes.

I hope that this response is helpful to you.

Sincerely,

Lynn B. Mahaffie
Deputy Assistant Secretary for
Policy, Planning, and Innovation
Delegated the Duties of Assistant Secretary
for Postsecondary Education