# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,  et. al. | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF EDUCATION, | ) Civil Action No. 16-cv-02476-RDM |
| | ) |
| | ) |
| and | ) |
| | ) |
| BETSY DEVOS, in her capacity as | ) |
| Secretary of Education,[1] | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

In response to the first unnumbered paragraph of the Complaint, Defendants answer as follows:  This paragraph consists of Plaintiffs' characterization of this action and/or statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

In response to the numbered sections of the Complaint, Defendants answer as follows:

1.  Paragraph 1 consists of Plaintiffs' characterization of this action and/or statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary DeVos is substituted in her official capacity as a defendant in this action.

2.   Paragraph 2 consists of Plaintiffs' characterization of this action and/or statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

3.   The first and second sentences of paragraph 3 are admitted.  The third and fourth sentences consist of Plaintiffs' characterization of section 455(m) the Higher Education Act and its implementing regulation.  Defendants respectfully refer the Court to that section, 20 U.S.C. § 1087e(m), and regulation, 34 C.F.R. § 685.216, which speak for themselves, and deny the third and fourth sentences to the extent that they are inconsistent with the section and regulation.

4.   Paragraph 4 consists of Plaintiffs' characterization of the section 455(m) the Higher Education Act and its implementing regulation.  Defendants respectfully refer the Court to that section, 20 U.S.C. § 1087e(m), and regulation, 34 C.F.R. § 685.216, which speak for themselves, and deny the paragraph to the extent that it is inconsistent with the section and regulation.

5.   Defendants admit paragraph 5 to the extent it alleges that the earliest a borrower could make payments that would qualify the borrower for credit toward loan forgiveness under the Public Service Loan Forgiveness ("PSLF") program was October 2007 and that borrowers who made qualifying payments continually thereafter may, if they meet all eligibility criteria, be eligible for forgiveness in October 2017.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph.

6.  Defendants admit the first sentence of paragraph 6 to the extent it alleges that since the start of the PSLF Program the Department has informed borrowers who submitted the required certification form to demonstrate they are public service employees, including those employed by certain non-profit organizations, that they qualified for loan forgiveness under the PSLF Program.  Defendants deny the remainder of the first sentence.  Defendants admit the second sentence to the extent it alleges that the Department has issued denials of eligibility and that the Department has issued denials in recent years and in advance of the first date by which loans could in theory qualify for forgiveness.  Defendants deny the remainder of the second sentence.

7.  Defendants deny the first sentence of paragraph 7 to the extent it alleges that the Department has reversed prior eligibility determinations and deny the remainder of the sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

8.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.  Defendants deny the first and second sentences of paragraph 10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.  Defendants deny the allegations in the first sentence of paragraph 12.  Defendants admit the second sentence to the extent it alleges that the individual Plaintiffs were told that their employment did not qualify as a public service job under the PSLF Program. Defendants deny the remainder of the second sentence.

13.  Defendants admit paragraph 13 to the extent it alleges that the individual Plaintiffs were informed that their employment did not qualify as public service jobs under the PSLF Program and that their loan payments during such employment would not count toward loan forgiveness under the program.  Defendants deny the remainder of the paragraph.

14.  Defendants deny paragraph 14 to the extent that it alleges that the Department issued a new interpretation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the paragraph.

15.  Defendants deny the first sentence of paragraph 15 to the extent it alleges that the Department issued a new interpretation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth and fifth sentences of the paragraph.

16.  Paragraph 16 consists of conclusions of law and/or Plaintiffs' statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

17. Paragraph 17 consists of conclusions of law and/or Plaintiffs' statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

18.  Paragraph 18 consists of conclusions of law and/or Plaintiffs' statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

19.  Paragraph 19 consists of conclusions of law and/or Plaintiffs' statement of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

20.  Paragraph 20 consists of conclusions of law and/or Plaintiffs' statement of their case and/or Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required Defendants deny the paragraph and deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

21.  Defendants admit paragraph 21 to the extent it alleges that the ABA is a voluntary organization for legal professionals in the United States and is headquartered in Chicago, Illinois.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph.

22.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.  Admitted.

27.  Defendants deny paragraph 27 to the extent it alleges that John B. King, Jr. is the Secretary of Education and avers that Mr. King resigned as Secretary after the Plaintiffs filed their Complaint and has been replaced by Betsy DeVos as Secretary of Education. Defendants admit the remainder of the allegations of the paragraph with the understanding that the name of Secretary DeVos replaces the name of Secretary King in the paragraph.

28.  Paragraph 28 consists of allegations and conclusions of law as to jurisdiction to which no response is required.

29.  Paragraph 29 consists of conclusions of law to which no response is required.

30.  Paragraph 30 consists of allegations and conclusions of law as to venue to which no response is required.

31.  Paragraph 31 consists of conclusions of law to which no response is required.

32.  Defendants deny paragraph 32 to the extent it alleges that the Department "reverse[d] the eligibility of the ABA as a qualifying employer" and that it acted retroactively.  The remainder of the paragraph consists of conclusions of law to which no response is required.

33.   The first sentence of Paragraph 33 consists of conclusions of law to which no response is required.  Defendants admit the second sentence to the extent it alleges that the ABA raised the issue of whether it met the definition of a "public service organization" for purposes of PSLF with the Department and that the Department determined that it would not reconsider its interpretation of the Act or its determination that the ABA was not a qualified public service organization for purposes of PSLF.  Defendants deny that the ABA presented material facts and arguments supporting its eligibility and that the ABA represented the individual Plaintiffs in its discussions with the Department.

34.   Paragraph 34 consists of conclusions of law to which no response is required.

35.   Paragraph 35 consists of conclusions of law to which no response is required.

Section heading I.  Section heading I consists of Plaintiffs' characterization of section 455(m) the Higher Education Act, Congress' intent in enacting the provision and the Department's implementing regulation.  Defendants respectfully refer the Court to that section, 20 U.S.C. § 1087e(m), and regulation, 34 C.F.R. § 685.216, which speak for themselves, and deny the section heading to the extent that it is inconsistent with the section and regulation.

36.   Admitted.

37.   Paragraph 37 consists of Plaintiffs' characterization of 20 U.S.C. § 1087e(m).  Defendants respectfully refer the Court to that section of the Higher Education Act, which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the section.

38.  Paragraph 38 consists of Plaintiffs' characterization of 20 U.S.C. § 1087e(m). Defendants respectfully refer the Court to that section of the Higher Education Act, which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the section.

39.  Paragraph 39 consists of Plaintiffs' characterization of the Higher Education Act. Defendants respectfully refer the Court to that Act, 20 U.S.C. §§ 1001, *et seq*., which speaks for itself, and deny the sentence to the extent that it is inconsistent with the Act.

40.  Paragraph 40 consists of Plaintiffs' characterization of section 455(m) the Higher Education Act and the Department's implementing regulation.  Defendants respectfully refer the Court to that section, 20 U.S.C. § 1087e(m), and regulation, 34 C.F.R. § 685.216, which speak for themselves, and deny the paragraph to the extent that it is inconsistent with the section and regulation.

41.  Paragraph 41 purports to be parts of selected quotations from two United States Senators.  Plaintiffs do not provide any identifying information as to when and where the alleged statements were made.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to truth of the paragraph.

42.  Paragraph 42 consists of Plaintiffs' characterization of the section 455(m) of the Higher Education Act.  Defendants respectfully refer the Court to that section, 20 U.S.C. § 1087e(m), which speaks for itself, and deny the remainder of paragraph to the extent that it is inconsistent with the section.

43.  Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 43.

Section heading II:  Section heading II consists of Plaintiffs' characterization of the regulation published at 73 Fed. Reg. 63232 (Oct. 23, 2008) and codified as 34 C.F.R. § 685.219.  Defendants respectfully refer the Court to that regulation and deny the section heading to the extent that it is inconsistent with the regulation.

44.  Defendants admit the first sentence of paragraph 44.  The second sentence consists of Plaintiffs' characterization of 34 C.F.R. § 685.219.  Defendants respectfully refer the Court to that regulation as published on October 23, 2008 at 73 Fed. Reg. 63232, and amended on October 29, 2009 at 74 Fed. Reg. 56005, on December 28, 2012 at 77 Fed. Reg. 76414 and on October 30, 2015 at 80 Fed. Reg. 67242, which speaks for itself, and deny the sentence to the extent that it is inconsistent with the regulation.

45.  Paragraph 45 consists of Plaintiffs' characterization of 34 C.F.R. § 685.219.  Defendants respectfully refer the Court to that regulation and deny the paragraph to the extent that it is inconsistent with the regulation.

46.  Paragraph 46 consists of Plaintiffs' characterization of 34 C.F.R. § 685.219.  Defendants respectfully refer the Court to the regulation and deny the paragraph to the extent that it is inconsistent with the regulation.

47.  Paragraph 47 consists of Plaintiffs' characterization of 34 C.F.R. § 685.219.  Defendants respectfully refer the Court to the regulation and deny the paragraph to the extent that it is inconsistent with the regulation.

48.  Paragraph 48 consists of conclusions of law to which no response is required.

49.  Paragraph 49 consists of Plaintiffs' characterization of 34 C.F.R. § 685.219. Defendants respectfully refer the Court to the regulation and deny the paragraph to the extent that it is inconsistent with the regulation.

Section heading III:  Section heading III is admitted to the extent it alleges that the Department developed and implemented an Employment Certification Form ("ECF") for borrowers to use to submit evidence of employment with a public service organization for purposes of PSLF.  Defendants deny Section heading III to the extent it alleges that the purpose of the form was for borrowers to confirm participation in the PSLF Program.

50.  Defendants deny paragraph 50 and aver that borrowers may qualify for benefits under the PSLF Program after they have worked in a public service job as defined in the Higher Education Act and the Department's regulations and made qualifying loan payments for 120 months.

51.  Paragraph 51 consists of consists of conclusions of law to which no response is required.

52.  Paragraph 52 consists of conclusions of law to which no response is required.

53.  Paragraph 53 consists of conclusions of law to which no response is required.

54.  Paragraph 54 consists of conclusions of law to which no response is required.

55.  Paragraph 55 consists of conclusions of law to which no response is required.

56.  Paragraph 56 consists of conclusions of law to which no response is required.

57.  Admitted.

58.  The first sentence of paragraph 58 is admitted to the extent that it alleges that FedLoan Servicing encourages borrowers who are qualify for the PSLF Program to submit an Employment Certification Form annually.  The remainder of the sentence is denied.  Defendants deny the second sentence and aver that FedLoan Servicing's response to the ECF does not reflect a final agency action on the borrower's qualifications for PSLF.

59.  The first sentence of paragraph 59 is admitted to the extent it alleges that each time FedLoan Servicing finds that a borrower's ECF has documented that the borrower was employed by a qualified public service organization, FedLoan Servicing reviews the borrower's payment history and updates the number of payments made by that borrower that FedLoan Servicing considers to qualify for the PSLF Program.  Defendants deny the remainder of the first sentence and aver that approval of an ECF does not reflect agency action on the borrower's qualifications for the PSLF Program.  The second sentence is admitted.

60.  Defendants admit the first sentence of paragraph 60 to the extent it alleges that the Pennsylvania Higher Education Assistance Authority does business as FedLoan Servicing.  Defendants deny the remainder of the sentence and aver that the Department has a contract with FedLoan Servicing to provide certain services in connection with the receipt of documents and forms related to PSLF ECFs and applications.  Defendants deny the second sentence.

61.  Admitted.

62. Paragraph 62 consists of excerpts of statements from the Department's website. Defendants respectfully refer the Court to that website, https://studentaid.ed.gov/sa/repay-loans/forgiveness-cancellation/public-service (last accessed March 20, 2017), and deny the paragraph to the extent that it is inconsistent with the website.

63. Defendants admit Paragraph 63 to the extent it alleges that any borrower who has a loan serviced by FedLoan Servicing may create an online account, and deny the remainder of the paragraph, including its suggestion that a borrower's ability to create an online account with FedLoan Servicing is based on the borrower's eligibility for PSLF.

64. Defendants deny paragraph 64 and aver that a borrower may request reconsideration by the Department of FedLoan Servicing's response to the borrower's submission of a certification form.

65. Defendants admit paragraph 65 and aver that an employer does not submit an application for or receive a decision regarding whether its employees may qualify for PSLF that would result in a decision that could be subject to an appeal.

66. Defendants deny paragraph 66 to the extent it alleges that FedLoan Servicing is the Department's loan servicer and avers that the Department contracts with FedLoan Servicing to perform certain services in regard to the loans of borrowers who submit ECF forms and PSLF applications to the Department. Defendants admit that the Department has the ultimate authority to review FedLoan Servicing's actions under its contract.

67. Admitted.

Section IV heading:  Defendants deny section IV heading to the extent it alleges that the Department previously determined the ABA to be a qualifying employer under the PSLF Program.  The remainder of the section heading consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required.  To the extent a response is required, the remainder of the section heading is denied.

68.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.  Paragraph 70 consists of excerpts of statements from the American Bar Association's website.  Defendants respectfully refer the Court to that website, http://www.americanbar.org/about_the_aba/aba-mission-goals.html (last accessed March 23, 2017), and deny the paragraph to the extent that it is inconsistent with the website.

71.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 72.  Defendants admit the allegations in the second and third sentences.

73.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 85.  The second sentence is admitted to the extent it alleges that some ABA employees were told that their employment with the ABA was qualified employment for purposes of the PSLF Program.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that such employees are "numerous."  The remainder of the second sentence consists of conclusions of law for which no response is required.

86.  Denied.

87.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

Section heading V:  Defendants deny section heading V to the extent it alleges that the Department reversed its prior position, admit the section heading to the extent it alleges that the Department has denied certain employee certification requests, and lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the section heading.

88.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.  The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

Section heading VI:  Defendants deny section heading VI to the extent it alleges that the Department has taken arbitrary actions and deny the remainder of the section heading.

93.  Defendants deny paragraph 93 to the extent it alleges that the Department changed its position as to the ABA's status for purposes of the PSLF Program and admit that the ABA's efforts to have the Department change its position have been unsuccessful.

94.  Defendants admit paragraph 94 to the extent it alleges that the ABA wrote to and met with Department officials in 2016.  Defendants deny the second sentence to the extent it alleges that the Department's actions caused the problems that Plaintiffs allege. Defendants admit the second sentence to the extent it alleges that the Department denied the ABA's request that the Department change its decision that the employment certifications submitted by ABA employees could not be approved.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the denial caused problems.

95.  Paragraph 95 consists of Plaintiffs' characterization of the referenced letter of April 7, 2016 from Jack L. Rives to Lynn Mahaffie.  Defendants respectfully refer the Court to

that letter, which will be included in the administrative record and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

96.   Paragraph 96 consists of Plaintiffs' further characterization of the referenced April 7, 2016 letter from Mr. Rives.  Defendants respectfully refer the Court to that letter, which will be included in the administrative record and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

97.   Admitted.

98.   Paragraph 98 consists of Plaintiffs' characterization of the referenced letter of May 20, 2016 from Jack Rives to Lynn Mahaffie.  Defendants respectfully refer the Court to that letter, which will be included in the administrative record and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

99.   Paragraph 99 consists of Plaintiffs' further characterization of the referenced May 20, 2016 letter from Mr. Rives.  Defendants respectfully refer the Court to that letter, which will be included in the administrative record and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

100.   Paragraph 100 consists of Plaintiffs' characterization of the referenced letter of May 26, 2016 from Jack Rives to Ted Mitchell.  Defendants respectfully refer the Court to that letter, which will be included in the administrative record and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

101.   Paragraph 101 consists of Plaintiffs' further characterization of the May 26, 2016 letter from Mr. Rives.  Defendants respectfully refer the Court to that letter, which will be

included in the administrative record and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

102.  Paragraph 102 consists of Plaintiffs' characterization of the referenced letter of June 21, 2016 from Lynn Mahaffie to Jack Rives.  Defendants respectfully refer the Court to that letter, which is attached to the Complaint as part of Exhibit A and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

103.  Admitted.

104.  Paragraph 104 consists of Plaintiffs' characterization of the referenced letter of December 1, 2016 from Ted Mitchell to Jack Rives.  Defendants respectfully refer the Court to that letter, which is attached to the Complaint as part of Exhibit A, which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

105.  Paragraph 105 consists of Plaintiffs' further characterization of the referenced December 1, 2016 letter from Ted Mitchell to Jack Rives.  Defendants respectfully refer the Court to that letter, which is attached to the Complaint as part of Exhibit A and which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

106.  Defendants deny the first sentence of paragraph 106 to the extent it alleges that the Department reversed its position on whether the ABA is a qualified employer.  The remainder of the first sentence consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the remainder of the first sentence is denied.  Defendants deny the second sentence to the extent it alleges that the Department retroactively denied eligibility to ABA employees and previously confirmed those employees as eligible under the PSLF Program.  The

remainder of the second sentence consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the remainder of the second sentence is denied.

Section heading VII:  Defendants lack information or knowledge sufficient to form a belief as to the truth of the section heading VII's allegations regarding the experiences of the individual Plaintiffs.  The remainder of the section heading consists of Plaintiffs' statement of their case and/or conclusions of law to which no response is required.  To the extent a response is required, the remainder of the section heading is denied.

107.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111.

112.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 except to admit that the quoted language appears on FedLoan Servicing's website.  https://myfedloan.org/borrowers/special-programs/pslf/pslf-completing-ecf (last accessed March 23, 2017).

115.  Defendants admit paragraph 115 to the extent it alleges that FedLoan Servicing sent Mr. Rudert a notice dated July 7, 2012.  The remainder of the paragraph consists of Plaintiffs' characterization of that notice.  Defendants respectfully refer the Court to the notice, Exhibit B to the Complaint, which speaks for itself, and deny the remainder of the paragraph to the extent that it is inconsistent with the notice.

116.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.  Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 117 to the extent it alleges that FedLoan Servicing became the loan servicer for all of Mr. Rudert's federal student loans.  Defendants deny the remainder of the paragraph.

118.  Defendants admit paragraph 118 to the extent it alleges that Mr. Rudert submitted another ECF to FedLoan Servicing and that FedLoan Servicing sent him a notice dated October 30, 2014.  The remainder of the paragraph consists of Plaintiffs' characterization of that notice.  Defendants respectfully refer the Court to the notice, Exhibit C to

Complaint, which speaks for itself, and deny the remainder of the paragraph to the extent that it is inconsistent with the letter.

119.  Paragraph 119 is admitted except to deny that as of January 2015 Mr. Rudert had made 30 qualifying payments.

120.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.  Defendants admit the first sentence of paragraph 121 to the extent it alleges that Mr. Rudert submitted an ECF in early 2016.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in the first sentence.  The second and third sentences consist of Plaintiffs' characterization of the notice attached to the Complaint as Exhibit D.  Defendants respectfully refer the Court to that notice, which speaks for itself, and deny the second and third sentences to the extent that they are inconsistent with the notice.  The fourth sentence is admitted.

122.  The first sentence of paragraph 122 consists of Plaintiffs' characterization of the notice attached to the Complaint as Exhibit D.  Defendants respectfully refer the Court to that notice, which speaks for itself, and deny the first sentence to the extent that it is inconsistent with the notice.  Defendants admit the second sentence to the extent it alleges that Mr. Rudert's payments based on work at the Vietnam Veterans Association ("VVA") did not constitute qualifying PSLF payments and that FedLoan Servicing had stated in two previous notices to Mr. Rudert that VVA was a qualifying public service organization and that his employment with VVA qualified him for participation in the PSLF Program between April 2012 and October 2014.  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegation in the second sentence that Mr. Rudert worked at the VVA for more than three years.  The remainder of the second sentence consists of conclusions of law for which no response is required.

123.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.  Defendants deny the allegations in the first sentence of paragraph 124 and aver that Defendants' records indicate that Plaintiff called FedLoan Servicing twice in April 2016, not three times as alleged.  Defendants deny the second sentence to the extent it alleges that Plaintiff called FedLoan Servicing on April 18, 2016, and admit the remainder of the allegations in the second sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.  Defendants admit the fourth sentence to the extent it alleges that Plaintiff had a telephone call with a FedLoan Servicing representative on April 25, 2016, and that the representative told Plaintiff that it could be that his employment with VVA did not qualify under the PSLF Program because of FedLoan Servicing's belief that VVA provided partisan legal assistance.  Defendants deny the remainder of the fourth sentence.

125.  Defendants admit the allegations in the first and second sentences of paragraph 125. The third, fourth and fifth sentences consist of Plaintiffs' characterization of a letter dated July 18, 2016 from FedLoan Servicing to Mr. Rudert via the Consumer Financial Protection Bureau, which will be included in the administrative record and which speaks for itself, and deny the third, fourth and fifth sentences to the extent that they are inconsistent with the letter.

126.  Defendants admit the first and second sentences of paragraph 126.  Defendants admit the third sentence to the extent it alleges that the Department responded to U.S. Representative Eleanor Holmes Norton in a letter dated August 8, 2016, and that the quoted sentence appears in that letter, and deny that the quoted sentence was merely a claim or constitutes the full response from the Department.

127.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.  Defendants admit the first sentence of paragraph 128.  The second sentence consists of Plaintiffs' characterization of the notice which is attached to the Complaint as Exhibit E.  Defendants respectfully refer the Court to that notice, which speaks for itself, and deny the second sentence to the extent that it is inconsistent with the notice.

129.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 129.  Defendants admit the second sentence to the extent it alleges that FedLoan Servicing has determined that Mr. Rudert has made six payments that qualify for the PSLF Program.  The remainder of the second sentence consists of Plaintiffs' statements of their case to which no response is required.

130.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.  Defendants admit the first sentence of paragraph 135 to the extent it alleges that Ms. Voigt contacted the Department to ask whether her position at the American Immigration Lawyers Association ("AILA") would be qualifying employment for purposes of the PSLF Program.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the first sentence.  Defendants admit the second sentence to the extent it alleges that staff at the Department of Education sent Ms. Voigt an email on June 22, 2012.  The remainder of the sentence consists of Plaintiffs' characterization of that email, which is included in the email chain that is attached to the Complaint as Exhibit F.  Defendants respectfully refer the Court to the email, which speaks for itself, and deny the remainder of the second sentence to the extent that it is inconsistent with the email.

136.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 137.  Defendants admit the second sentence to the extent that it alleges that the Income-Based Repayment Plan ("IBR Plan")

Plan caps payments at 15% of the borrower's discretionary income and that that discretionary income is defined as the difference between the borrower's income and 150% of the federal poverty level.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the second sentence. Defendants admit the third sentence to the extent it alleges that Ms. Voigt's loan balance grew over time but deny that it was the result of her use of the IBR plan.

138.  Defendants admit the first sentence of paragraph 138 to the extent it alleges that the Department sent Ms. Voigt a letter dated December 10, 2014.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that at that time Ms. Voigt had worked for AILA for over two years.  The remainder of the first sentence and the entirety of the second sentence consist of Plaintiffs' characterization of the December 10, 2014 letter, which is attached to the Complaint as Exhibit G.  Defendants respectfully refer the Court to the letter, which speaks for itself, and deny the remainder of the first sentence and the entirety of the second sentence to the extent that they are inconsistent with the letter.

139.  Defendants admit that the language quoted in paragraph 139 appears in the letter that is attached to the Complaint as Exhibit G.  The remainder of the paragraph consists of Plaintiffs' characterization of that letter.   Defendants respectfully refer the Court to the letter, which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

140.  Paragraph 140 consists of Plaintiffs' characterization of the letter that is attached to the Complaint as Exhibit G.  Defendants respectfully refer the Court to that letter, which speaks for itself, and deny the paragraph to the extent that it is inconsistent with the letter.

141.  Defendants deny the allegations in paragraph 141 and aver that, because the Department does not make a final decision on whether a borrower has been employed by a qualified organization until the borrower submits an application for loan forgiveness, the decision conveyed through the letter attached to the Complaint as Exhibit G was not retroactive.

142.  Defendants admit the first sentence of paragraph 142 to the extent it alleges that Ms. Voigt contacted the Department on December 30, 2014 and deny the remainder of the first sentence.  The second sentence is admitted.

143.  Defendants admit the first sentence of paragraph 143 except that they lack information sufficient to form a belief as to the date of Ms. Voigt's FOIA request.  The second sentence is admitted.

144.  Admitted.

145.  Admitted.

146.  Admitted.

147.  Admitted.

148.  Admitted except to deny that the Department's response to Ms. Voigt's FOIA request constituted a failure.

149.  Admitted.

150.  Admitted.

151.  Defendants admit the first sentence of paragraph 151.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

152.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of paragraph 152.  Defendants deny the allegations in the second sentence and aver that the Department has not made any determination of whether Ms. Voigt has made any qualifying payments.

153.  Admitted.

154.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.  Admitted.

156.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156.

157.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

160.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 regarding Mr. Burkhart's awareness and communications with the ABA.  Defendants deny the remainder of the paragraph and aver that they have no records showing that Mr. Burkhart contacted FedLoan Servicing to inquire as to whether his job would qualify for PSLF Program.

163.  Defendants admit paragraph 163 to the extent it alleges that Mr. Burkhart submitted an ECF to FedLoan Servicing on July 7, 2014, and that FedLoan Servicing sent Mr. Burkhart a notice tentatively accepting the form, and deny the remainder of the paragraph.

164.  Defendants admit paragraph 164 to the extent it alleges that FedLoan Servicing sent Mr. Burkhart a letter dated October 12, 2016, and deny that his ECF had been approved. The remainder of the paragraph consists of Plaintiffs' characterization of the letter, which is Exhibit I to the Complaint.  Defendants respectfully refer the Court to that letter, which speaks for itself, and deny the remainder of the paragraph to the extent that it is inconsistent with the letter.

165.  Defendants admit paragraph 165 to the extent it alleges that due to the Department's determination that the ABA was not a qualified organization the payments that Mr. Burkhart made while working for the ABA do not count toward qualifying for loan forgiveness under the PSLF Program.  Defendants deny that the Department's determination constituted a reversal.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Burkhart's belief.  The remainder of the paragraph consists of Plaintiffs' statement of their case to which no response is required.

166.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166.

167.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

170.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

172.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 173.  Defendants admit the third sentence to the extent it alleges that FedLoan Servicing sent notices to Ms. Quintero-Millan regarding the eligibility of payments she made while employed by Catholic Charities and U.S. Citizenship and Immigration Services and did not send her a notice regarding the eligibility of payments she made while employed by ProBAR.  The remainder of the third sentence consists of conclusions of law to which no response is required.

174.  Defendants admit the first sentence of paragraph 174 to the extent it alleges that in early 2016 FedLoan Servicing sent a notice to Ms. Quintero-Millan asking for additional information regarding her ECF and deny the remainder of the sentence.  Defendants admit the second sentence.

175.  Defendants admit paragraph 175 except to deny that the ineligibility of Ms. Quintero-Millan's payments during her employment at the ABA's South Texas Pro Bono Asylum Representative Project ("ProBAR") was the result of the referenced notice from FedLoan Servicing.  Defendants aver that Ms. Quintero-Millan's payments while employed by ProBAR were never eligible for the PSLF Program.

176.  Paragraph 176 consists of Plaintiffs' statement of their case to which no response is required.

177.  Admitted.

Section heading VIII:  Section heading VIII is denied to the extent it alleges that the Department reversed prior determinations as alleged and denied in its entirety.

178.  Admitted.

179.  Defendants deny the allegations in paragraph 179 and aver that the Department has provided guidance in documents available on its website.

180.  Defendants deny that the Department changed its interpretation of the terms used in the PSLF and deny the remainder of the allegations in paragraph 180.

181.  Denied.

182.  Defendants deny paragraph 182 to the extent it alleges that the Department has not provided adequate explanations of its determination that the employment of Plaintiffs Burkhart, Rudert and Voight alleged in the Complaint does not qualify for purposes of the PSLF Program, to the extent it alleges that Defendants acted retroactively, and in its entirety.

183.  Paragraphs 1-182 are incorporated by reference.

184.  Admitted.

185.  Admitted.

186.  Paragraph 186 consists of conclusions of law to which no response is required.

187.  Paragraph 187 consists of conclusions of law to which no response is required.

188.  Paragraph 188 consists of conclusions of law to which no response is required.

189.  Defendants deny that the Department changed its interpretation of the eligibility requirements for the PSLF Program and deny the remainder of paragraph 189.

190.  Defendants deny paragraph 190 to the extent that it alleges that the Department did not explain the determinations that are at issue.  The remainder of the paragraph consists of Plaintiffs' statement of their case and/or conclusions of law to which no response is required.  To the extent a response is required, the remainder of the paragraph is denied.

191.  Paragraph 191 consists of conclusions of law and/or Plaintiffs' statement of their case to which no response is required.  To the extent a response is required, the allegations are denied.

192.  Paragraph 192 consists of conclusions of law and/or Plaintiffs' statement of their case to which no response is required.  To the extent a response is required, the allegations are denied.

193.  Paragraphs 1-192 are incorporated by reference.

194.  Paragraph 194 consists of conclusions of law to which no response is required.

195.  Paragraph 195 consists of conclusions of law to which no response is required.

196.  Defendants deny paragraph 196 to the extent it alleges that the Department changed its interpretations of the quoted terms.  The remainder of the paragraph consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required. To the extent a response is required, the remainder of the paragraph is denied.

197.  Defendants deny paragraph 197 to the extent it alleges that the Department amended or revised its interpretations regarding eligibility for the PSLF Program.  The

remainder of the paragraph consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required.  To the extent a response is required, the remainder of the paragraph is denied.

198.  Defendants deny paragraph 198 to the extent it alleges that the Department revised its interpretation regarding eligibility for the PSLF Program.  The remainder of the paragraph consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required.  To the extent a response is required, the remainder of the paragraph is denied.

199.  Defendants deny paragraph 199 to the extent it alleges that the Department issued new or revised interpretations regarding eligibility for the PSLF Program.  The remainder of the paragraph consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required.  To the extent a response is required, the remainder of the paragraph is denied.

200.  Defendants deny paragraph 200 to the extent it alleges that the Department issued new or revised interpretations regarding eligibility for the PSLF Program.  The remainder of the paragraph consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required.  To the extent a response is required, the remainder of the paragraph is denied.

201.  Paragraphs 1-200 are incorporated by reference.

202.  Admitted.

203.  Paragraph 203 consists of conclusions of to which no response is required.

204.  Paragraph 204 consists of conclusions of law and/or statements of Plaintiffs' case to which no response is required.

205.  The Defendants deny the allegations in the first sentence of paragraph 205. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 205.

206.  Paragraph 206 is admitted to the extent it alleges that FedLoan Servicing, in accordance with its processes, updated its count of what it considered to be qualifying payments for each of the individual Plaintiffs based on the payments that each individual Plaintiff made during what FedLoan Servicing treated as employment qualifying under the PSLF Program.  The remainder of the paragraph is denied.

207.  Paragraph 207 is admitted to the extent it alleges that each individual Plaintiff was told that loan payments that FedLoan Servicing had treated as qualifying under the PSLF Program would not count toward his or her 120 eligible payments because the Department had determined that the Plaintiff's employment did not qualify as a "public service job."  The remainder of the paragraph is denied.

208.  Paragraph 208 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

209.  Paragraphs 1-208 are incorporated by reference.

210.  Admitted.

211.  Paragraph 211 consists of conclusions of law to which no response is required.

212.  Paragraph 212 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

213.  Paragraph 213 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

214.  Paragraph 214 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

215.  Paragraph 215 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

216.  Paragraph 216 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

217.  Paragraphs 1-216 are incorporated by reference.

218.  The first sentence of paragraph 218 is admitted.  The second sentence consists of conclusions of law to which no response is required.

219.  Paragraph 219 consists of conclusions of law and/or Plaintiffs' statements of their case to which no response is required.  To the extent a response is required, the paragraph is denied.

220.  Paragraph 220 consists of conclusions of law and/or Plaintiffs' statements of case to which no response is required.  To the extent a response is required, the paragraph is denied.

The remaining paragraphs consist of Plaintiffs' prayer for relief for which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

Defendants hereby deny all allegations in the Complaint not expressly admitted or denied or otherwise responded to including, but not limited to, section headings and titles.

WHEREFORE, Defendants respectfully request that the Court enter judgment as follows:

1.  That Plaintiffs be denied the relief requested in the Complaint.

2.  That this Action be dismissed with prejudice.

3.  That Defendants be awarded their costs; and

4.  That Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated:  March 23, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
CHANNING D. PHILLIPS
United States Attorney

SHEILA LIEBER
Deputy Director, Federal Programs Branch

*/s/ Caroline Lewis Wolverton*
CAROLINE LEWIS WOLVERTON
Of Counsel:                                     Senior Trial Counsel
                                                D.C. Bar No. 496433
Brian Siegel, Attorney                          U.S. Department of Justice
Office of the General Counsel                   Civil Division, Federal Programs Branch
U.S. Department of Education                     20 Massachusetts Ave., NW, Room 7150
                                                Washington, DC  20001
                                                202.514.0265 (tel)
                                                202.616.8470 (fax)
                                                Caroline.Lewis-Wolverton@usdoj.gov

Attorneys for Defendants