**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | Civil Action No. 16-2476-RDM |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW FOR EXTRA-RECORD REVIEW OR, IN THE ALTERNATIVE, TO ALLOW FOR JUDICIAL NOTICE**

In this action pursuant to the Administrative Procedure Act[1] ("APA"), 5 U.S.C. §§ 552, 706, Plaintiffs challenge the Department of Education's ("the Government" or "the Department") administration of the Public Service Loan Forgiveness Program ("PSLF") as arbitrary and capricious and procedurally improper.  On May 4, 2017, the Department filed its certified Administrative Record of the documents directly or indirectly considered by the agency decisionmakers who made the determinations that plaintiffs challenge.  Certification of Corrected Administrative Record, ECF No. 16.  Absent clear evidence to the contrary, the Government is presumed to properly designate an Administrative Record.  Plaintiffs however ask the Court to expand the Administrative Record to include email correspondence (including communications from after the complaint in this case was filed) between a Department employee and the Department's

---

[1] Count V of Plaintiffs' complaint seeks relief under the Due Process Clause of the Fifth Amendment to the U.S. Constitution.  However, plaintiffs seek to supplement the record with these document, so that they may be considered in deciding plaintiffs' APA claims.

contractor for the PSLF, FedLoan Servicing, relating to claims not at issue in this case. *See* Plaintiffs' Motion to Allow for Extra-Record Review or, in the Alternative, to Allow for Judicial Notice, ECF No. 24 ("Pls.' Mot."). Because these materials were not before the decisionmakers at the time of the challenged actions, and they do not meet the high bar for consideration as extra-record evidence, plaintiffs' motion should be denied.

## ARGUMENT

1. **The Extra-Record Evidence Was Not Before the Agency Decisionmakers and Plaintiffs Fail to Demonstrate Any Basis for Including Such Irrelevant Evidence**

When a case is brought under the APA, "[j]udicial review of administrative action should normally be based on the full administrative record that was before the decisionmaker at the time the challenged action was taken . . . ." *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 998 (D.C. Cir. 1990) (quotations and alterations omitted); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008). This administrative record "includes all materials compiled by the agency that were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (quoting *Overton Park*, 401 U.S. at 419). That entails including "all documents that the agency directly or indirectly considered." *Am. Wild Horse Preservation Campaign v. Salazar*, 859 F. Supp. 2d 33, 41 (D.D.C. 2012) (citations and quotation marks omitted). The limitation of the record to materials before the decisionmakers *at the time of the decision* necessarily bars materials created after the date the decision was made. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam) ("[T]he focal point for judicial review should be the administrative record already in

existence, not some new record made initially in the reviewing court."); *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (prohibiting review of materials prepared after the agency made its decision).

In an APA case, "[t]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court," *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (internal citation omitted), not "to substitute its judgment for that of the agency," *Overton Park*, 401 U.S. at 416.  Thus, "if a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." *Am. Wild Horse*, 859 F. Supp. 2d at 41 (quoting *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 685, 792 (D.C. Cir. 1991)).

In addition, "absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Pac. Shores Subdivision v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (internal citations omitted); *accord Overton Park*, 401 U.S. at 415 ("[T]he Secretary's decision is entitled to a presumption of regularity.").

> Common sense dictates that the agency determines what constitutes the "whole" administrative record because "[i]t is the agency that did the 'considering,' and that therefore is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'"

*Pac. Shores Subdivision*, 448 F. Supp. 2d at 5 (internal citations omitted).[2]

---

[2] Only "unusual circumstances"—not present here—justify an exception to the general rule limiting the Court's review to the record before an agency at the time of its decision. *See Am. Wildlands*, 530 F.3d at 1002 (citing *Tex. Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991)).

Plaintiffs cannot meet this high bar, because, as they concede, the proposed "documents arose after the Department's actions." Pls.' Mot. at 2. The February 23, 2017 email exchange (Pls.' Mot. Ex. B) occurred over two months after the complaint in this case was filed on December 20, 2016, and several months (if not more) after the Department's last correspondence with any of the plaintiffs regarding the determinations at issue in this case.[3] *See* AR 333-35. Exhibit C to Plaintiffs' Motion is email correspondence between employees of the Department and FedLoan Servicing in July and August of 2014 discussing why the Society for Digital Agencies does not qualify as a public service organization that provides public education services. The Society for Digital Agencies is not a party in this case and no plaintiff in this case claims to have worked at the Society for Digital Agencies. Ms. Voigt challenges the Department's determination that her employer (the American Immigration Lawyers' Association) was not a public service organization, in part because it did not provide public education services in a school or school-like setting, as set forth in a December 2014 letter, *see* AR 333-35, but the plaintiffs do not demonstrate that the email exchange included in Exhibit C was considered by the Department in deciding her claim or has any direct relevance to any of the the determinations at issue. Therefore, none of these documents were before the agency when it made any of the decisions challenged in this case, based on the fact that they arose after the challenged decisions (Exhibit B) and they pertain to claims by

---

[3] *See* AR 192-93 (Dec. 1, 2016 letter to Jack Rives, Executive Director of the ABA); AR 214-15 (Oct. 12, 2016 letter to Plaintiff Burkhart); AR 237-38 (Nov. 19, 2016 notice to Plaintiff Quintero-Millan); AR 330-31 (Aug. 8, 2016 letter regarding Plaintiff Rudert to Rep. Norton); 333-35 (Dec. 10, 2014 letter to Plaintiff Voigt).

employees not involved in this action on behalf of organizations that did not employ any of the individual plaintiffs in this action (Exhibits B and C).[4]

Thus, plaintiffs are improperly seeking to supplement the Administrative Record with materials that were not before the decisionmakers at the time the challenged decisions were made. To supplement an administrative record, a plaintiff must overcome the "strong presumption that an agency has properly compiled the entire record of materials that it considered, either directly or indirectly, in making its decision" by "put[ting] forth *concrete evidence* that the documents it seeks to 'add' to the record were actually before the decisionmakers." *Tindal v. McHugh*, 945 F. Supp. 2d 111, 123 (D.D.C. 2013) (quoting *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010)) (emphasis added). The plaintiff "must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record." *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008). Plaintiffs have not attempted to meet this burden. Their conclusory assertions that these documents were "before the Department at the time it made its [alleged] changes of interpretation," Pls.' Mot. at 8, are insufficient to warrant the Court breaking from the well-settled dictate that "reliance on extra-record evidence is the exception, not the rule." *API v. SEC*, 714 F.3d 1329, 1334 (D.C.Cir.2013) () (citation omitted).

Plaintiffs' reliance on *Esch v. Yeutter*, 876 F.2d 976 (D.C. Cir. 1989) is similarly unavailing. As plaintiffs concede, the D.C. Circuit "has cautioned that the exceptions

---

[4] Exhibit B references the Vietnam Veterans of America ("VVA"), which employed Plaintiff Rudert. However, it only does so to state that the Department had sent a letter regarding a different claim discussing whether VVA's primary purpose was to provide one of the qualifying public services for PSLF. The email itself discusses whether Blue Cross Blue Shield of Rhode Island and other health insurance companies qualify as public service organizations.

5

announced in *Esch* are 'narrow,'" and that "at most [*Esch*] may be invoked to challenge gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review." *See Silver State Land,* 59 F. Supp. 3d at 165 (quoting *Hill Dermaceuticals, Inc.*, 709 F.3d at 47).  Indeed, the Federal Circuit declined to adopt the *Esch* factors, holding that the case "departs from fundamental principles of administrative law as articulated by the Supreme Court in *Pitts* and *Florida Power & Light.*" *Axiom Resource Management, Inc. v. U.S.*, 564 F.3d 1374, 1380-81 (Fed. Cir. 2009) (discussing problems with relying on *Esch* factors).  On this shaky legal ground, plaintiffs assert that the Department "failed to explain administrative action so as to frustrate judicial review."  Pls.' Mot. at 4 (quoting *Silver State Land*, 59 F. Supp. 3d at 163-64).  But it is plaintiffs who fail to explain how the Department failed to explain its action by not including documents the agency clearly did not consider in making the challenged decisions.  Plaintiffs' mischaracterizations of the emails included in Exhibits B and C—which merely show a Department employee providing guidance and clarification in response to questions about individual determinations from FedLoan Servicing—do not support supplementing the record where, as here, the Department has designated an over-300-page record that reflects the documents before decisionmakers at the time the decisions at issue in this case were made.  Plaintiffs have submitted no "concrete evidence" to overcome the "strong presumption that [the] agency [] properly compiled the entire record of materials that it considered, either directly or indirectly, in making its decision." *Silver State Land*, 59. F. Supp. at 164.  Their unsupported accusations of bad faith are neither convincing nor appropriate, particularly in light of

their reliance on nothing more than mischaracterizations of irrelevant email correspondence.

### 2. Plaintiffs Fail to Demonstrate Any Basis on Which the Court Could Take Judicial Notice of Extra-Record Evidence

The Court should also deny plaintiffs' request that it review their extra-record evidence under the doctrine of judicial notice.  Plaintiffs' reliance on an unpublished case from the Eastern District of Wisconsin for this proposition is inapposite.  It is well-settled in this district that "taking judicial notice is typically an inadequate mechanism for a court to consider extra-record evidence when reviewing an agency action." *District Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 32, n.14 (D.D.C. 2013).  This is because "judicial notice of an adjudicative fact *not* part of the administrative record generally is *irrelevant* to the court's analysis of the merits."  *Id*.  The Court "may only consider an adjudicative fact subject to judicial notice that is *not* part of the administrative record if it qualifies for supplementation as extra-record evidence under" *Esch*. *Id*. (citing *Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78-79 (D.D.C. 2008)).  As demonstrated above, that is not the case here.

## CONCLUSION

Because plaintiffs have failed to make the requisite showing to justify granting the exceptional relief of supplementing the administrative record in this case, the Court should deny plaintiffs' motion.

Dated:  September 8, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Julie S. Saltman*
JULIE S. SALTMAN (DC 975015)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 532-4252
Fax: (202) 616-8470
Email: julie.saltman@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

                                                                     */s/ Julie S. Saltman*
                                                                       JULIE S. SALTMAN