## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BAR ASSOCIATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 16-2476-TJK

### PLAINTIFFS' SUPPLEMENTAL MOTION TO ALLOW FOR EXTRA-RECORD REVIEW OR, IN THE ALTERNATIVE, TO ALLOW FOR JUDICIAL NOTICE

Plaintiffs respectfully ask the Court to allow for extra-record review or judicial notice of three documents that have significant probative value on a disputed issue in this case. These three documents are email communications from employees of the Pennsylvania Higher Education Assistance Agency ("PHEAA," referred to here as "FedLoan Servicing," the name under which it does business). Under a contract with Defendant the U.S. Department of Education ("Department"), FedLoan Servicing serves as the Department's Public Service Loan Forgiveness ("PSLF") servicer. The three documents at issue—included as Exhibits C, D, and E to the accompanying Memorandum of Points and Authorities—discuss guidance the Department provided FedLoan Servicing on the administration of the PSLF program.

As explained in the accompanying Memorandum of Points and Authorities, the Court's consideration of these documents is warranted because they provide irrefutable evidence of the Department's changed interpretations of the relevant statutory and regulatory terms at issue in this case. In its combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment, the Department denies that these changes of interpretation took place. A proposed order is attached hereto.

Dated:  December 8, 2017

Respectfully submitted,

 */s/ Chong S. Park*

Chong S. Park (D.C. Bar No. 46050)
John T. Dey (D.C. Bar No. 1029475)
Edward F. Roche (D.C. Bar No. 1029012)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 508-4600
Chong.Park@ropesgray.com

*Attorneys for Plaintiffs*

## LOCAL CIVIL RULE 7(m) STATEMENT

On December 7, 2017, undersigned counsel for Plaintiffs attempted to confer in good faith with counsel for Defendants regarding the substance of this motion.  Counsel for Defendants had not responded as of the time of filing.  Defendants' opposition to the motion is therefore unknown.

 */s/     Chong S. Park*

Chong S. Park (D.C. Bar No. 46050)
John T. Dey (D.C. Bar No. 1029475)
Edward F. Roche (D.C. Bar No. 1029012)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 508-4600
Chong.Park@ropesgray.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2017, I electronically filed the

foregoing motion with the Clerk of the Court using the Court's electronic filing system, which

will send a notice of electronic filing to all Counsel of Record.


                                       _/s/     Chong S. Park_____

                                        Chong S. Park

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 16-2476-TJK |
| UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MOTION TO ALLOW FOR EXTRA-RECORD REVIEW OR, IN THE ALTERNATIVE, TO ALLOW FOR JUDICIAL NOTICE**

The Department of Education ("Department") continues to insist—despite the existence of record evidence to the contrary—that it did not change its interpretation of the Public Service Loan Forgiveness ("PSLF") statute, 20 U.S.C. § 1087e(m), and regulation, 34 C.F.R. § 685.219, as Plaintiffs allege. Plaintiffs have once again uncovered documents that prove the Department's position is verifiably false. Plaintiffs therefore respectfully request that the Court consider the emails attached hereto as Exhibits C, D, and E to the extent these documents are necessary to resolve the issue of the Department's change of interpretation.

**BACKGROUND**

In this case, Plaintiffs, the American Bar Association ("ABA") and Geoffrey Burkhart, Michelle Quintero-Millan, Jamie Rudert, and Kate Voigt (the "Individual Plaintiffs"), seek to hold the Department accountable for its unauthorized retroactive denials of Plaintiffs' eligibility for the PSLF program. Relying in good faith on the Department's representations that their employment qualified for the program and that their loan payments made during said employment counted toward forgiveness, the Individual Plaintiffs dutifully continued in their positions for years, planning their lives around the expectation of achieving loan forgiveness after having made ten

years' worth of reduced monthly payments.  Decl. of Jamie Rudert ("Rudert Decl."), ¶¶ 3, 8-10, 14, 16 (ECF No. 17-2); Decl. of Kate Voigt ("Voigt Decl."), ¶¶ 6-8, 12, 19 (ECF No. 17-3); Decl. of Geoffrey Burkhart ("Burkhart Decl."), ¶¶ 6-9, 12 (ECF No. 17-4); Decl. of Michelle Quintero-Millan ("Quintero-Millan Decl."), ¶¶ 3, 9, 18 (ECF No. 17-5).  Similarly, the ABA relied on the knowledge that the Department considered it to be a qualifying PSLF employer in recruiting top talent to execute its public service missions.  Decl. of Jack Rives ("Rives Decl."), ¶¶ 22-23 (ECF No. 17-1).

Suddenly, without warning or explanation, the Department reversed course, informing the Individual Plaintiffs that their employment no longer qualified for PSLF, and informing the ABA that it was not, in the Department's view, a qualifying employer.  Rudert Decl. ¶ 12; Voigt Decl. ¶ 10; Burkhart Decl. ¶ 10; Quintero-Millan Decl. ¶ 13; Rives Decl. ¶¶ 24, 36.  Several of the Plaintiffs thereafter attempted to ascertain the reason for the Department's reversal, but the Department's responses were not forthcoming.  The Department instead chose to stonewall Plaintiffs before ultimately resting its decisions on new, previously unannounced interpretations of the statutory and regulatory terms at issue.  Rudert Decl. ¶ 13; Voigt Decl. ¶¶ 13-16; Rives Decl. ¶¶ 27-34.  These interpretations were at odds with the Department's prior interpretations, were adopted with no notice or opportunity for comment, and, most egregiously, were applied retroactively, setting the Individual Plaintiffs back years in their efforts to achieve loan forgiveness and causing a deleterious effect on the ABA's recruitment and retention efforts.  Rudert Decl. ¶ 12; Voigt Decl. ¶ 12; Burkhart Decl. ¶ 10; Quintero-Millan Decl. ¶ 13; Rives Decl. ¶¶ 25-26; Decl. of Kimi Jackson ("Jackson Decl."), ¶¶ 6-19 (ECF No. 25-1).  It is the impropriety of these changes of interpretation that forms the basis for Plaintiffs' challenge under the Administrative Procedure Act ("APA") and the Due Process Clause.

Instead of engaging on the merits of Plaintiffs' arguments, the Department has chosen simply to deny that it ever changed its interpretations. The Department ignores the plain import of the record by seeking to recharacterize its actions as mere corrections of prior "errors" and claiming that the administrative record contains no evidence of such changes. The Department's strained reading of the administrative record amounts to no more than an attempt to conceal its improper decisionmaking from the Court's review. Moreover, its reading is entirely belied by the extra-record email evidence Plaintiffs seek to introduce. This evidence erases any doubt that the Department's change in position reflected not just "corrections" of individual adjudicatory decisions, but a wholesale shift in its approach to determining PSLF employment eligibility.

## ARGUMENT

Despite the Department's efforts to obscure the issues in this case and exclude evidence pertinent to the Department's changes of interpretation, Plaintiffs have been able to obtain clear evidence of these changes. Undeterred by the Department's designation of a relatively sparse administrative record, Plaintiffs have pursued additional documents through the Freedom of Information Act ("FOIA") and the Pennsylvania Right-to-Know Law ("RTKL"). *See* Pls.' Mem. in Supp. of Pls.' Mot. to Allow Extra-Record Review ("Pls.' Mem.") at 1-2 (ECF No. 24); Pls.' Reply in Supp. of Pls.' Mot. to Allow Extra-Record Review ("Pls.' Reply") at 2-4 (ECF No. 32). It took Plaintiff Kate Voigt more than two years to obtain information through her FOIA request, and even then only after the Court ordered the Department to produce the records. Pls.' Reply at 2-3; Decl. of Kate Voigt, ¶¶ 6-8 (attached hereto as Ex. A). Plaintiffs have encountered similar stonewalling from the Department's PSLF servicer, the Pennsylvania Higher Education Assistance Agency ("PHEAA," referred to here as "FedLoan Servicing," the name under which it does business). Plaintiffs' counsel has recently obtained its requested documents from FedLoan

Servicing, but only after FedLoan Servicing missed production deadlines and withheld documents that were plainly responsive to counsel's requests.  Pls.' Reply at 3-4; Decl. of Edward Roche, ¶¶ 4, 6 (attached hereto as Ex. B).

Since Plaintiffs first moved for the admission of extra-record evidence in August of this year, the Department and FedLoan Servicing have finally produced a substantial number of documents responsive to the FOIA and RTKL requests.  Among the productions were hundreds of pages of emails from FedLoan Servicing retracting the approval status of employers after the Department provided FedLoan Servicing *new guidance*, namely, directing FedLoan Servicing to apply the "primary purpose" test.

Three of these emails in particular highlight that the Department changed its position to require that organizations be evaluated under the "primary purpose" test:

1. Email from Kimberly Myers, Compliance Services, PHEAA, to Theresa Helwig, Compliance Coordinator, PHEAA (July 21, 2017), attached hereto as Ex. C.

2. Email from Robert Cameron, Deputy Chief Counsel, PHEAA, to John Grugan (July 21, 2017), attached hereto as Ex. D.

3. Email from Kimberly Myers, Compliance Services, PHEAA, to Kelly Nutter, PHEAA (June 26, 2017), attached hereto as Ex. E.

The first two emails, Exhibits C and D, are emails sent from FedLoan Servicing employees recognizing that FedLoan Servicing's employment certification form ("ECF") manual needs to be updated based on "recent guidance" from the Department.  In these emails, members of FedLoan Servicing's compliance department recognize that "[t]here has been some guidance from FSA [the Department's Federal Student Aid office] that has changed" since PHEAA's ECF manual was

updated, notably that the Department has "advised a private not-for-profit (non-501(c)(3)) organization should be evaluated based on their 'primary purpose.'"  Ex. C; Ex. D.

The third email further emphasizes that evaluating an organization based on its "primary purpose" was a novel approach to the approval process:

> Based on guidance FSA had originally gave [*sic*] us, we were approving organizations . . . as private not-for-profit providing public health service[s] *as long as they had at least one position that would qualify* . . . . However, *just a few months ago* (around January 2017), FSA introduced a *new concept* in the review, "primary purpose."  We [FedLoan Servicing] questioned this new guidance, and FSA unfortunately agreed that organizations such as this would ultimately not qualify for PSLF purposes and *apologized for the guidance they provided in the past* with the understanding we had approved such organizations.

Ex. E at 1 (emphasis added).  These emails provide clear evidence that the Department's "primary purpose" standard was a new interpretation that directly conflicted with its previous guidance to FedLoan Servicing on how to assess employer eligibility.  As a result of this new interpretation, FedLoan Servicing was required to retract the approval status of numerous previously approved employers.

The Department should have long abandoned its insistence that it did not change its interpretation.  The Department's argument flies in the face of the evidence in the administrative record, the additional evidence the Plaintiffs have subsequently raised, and any plausible reading of the events at issue in this case.  As long as the Department clings to this distortion, however, and avoids the merits of this case, the fact that the Department changed its interpretation remains a relevant issue in the case.  To the extent the Court deems it necessary to resolve the issue, this Court may consider this extra-record evidence or take judicial notice of the emails.  *See* Pls.' Mem. at 3-4, 7-9; Pls.' Reply at 6-10.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their

supplemental motion to allow for extra-record review or, in the alternative, to allow for judicial

notice.


Dated:  December 8, 2017

Respectfully submitted,

 /s/     *Chong S. Park*

Chong S. Park (D.C. Bar No. 46050)
John T. Dey (D.C. Bar No. 1029475)
Edward F. Roche (D.C. Bar No. 1029012)
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 508-4600
Chong.Park@ropesgray.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2017, I electronically filed the foregoing Memorandum of Points and Authorities with the Clerk of the Court using the Court's electronic filing system, which will send a notice of electronic filing to all Counsel of Record.

/s/ *Chong S. Park*

Chong S. Park