# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION; *et al.*, )<br>　　Plaintiffs, )<br>)<br>　　　　v. )<br>)<br>UNITED STATES DEPARTMENT OF EDUCATION, )<br>*et al.* )<br>)<br>　　Defendants. )<br>) | Civil Action No. 16-2476-TJK |

**DECLARATION OF KATE A. VOIGT IN SUPPORT OF PLAINTIFFS'**
**SUPPLEMENTAL MOTION TO ALLOW FOR EXTRA-RECORD REVIEW OR, IN**
**THE ALTERNATIVE, TO ALLOW FOR JUDICIAL NOTICE**

I, Kate A. Voigt, hereby declare as follows:

1.　　I am a Plaintiff in the above-captioned case.

2.　　Since December 2011, I have worked as a full-time employee at the American Immigration Lawyers Association ("AILA") in its Government Relations Department (formerly the Liaison Department). I currently serve as Associate Director of Government Relations.

3.　　In June 2012, I contacted the U.S. Department of Education ("Department") to inquire as to whether my employment with AILA would qualify for the Public Service Loan Forgiveness ("PSLF") program. The Department responded later that same month, indicating that my employment with AILA would so qualify.

4.　　In June 2014, upon learning that a co-worker had been informed that her work for AILA would not qualify for the PSLF program, I reached out to the Department for an explanation.

5.　　In December 2014, I received a letter from the Department confirming that it had previously recognized AILA as a qualifying public service organization, but that it had reversed

this initial determination and had since adopted a position that AILA does not provide qualifying public services for the purposes of the PSLF program.

6. After receiving the Department's response, on December 30, 2014, I submitted a request to the Department pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for information relating to the types of organizations that the Department has deemed to qualify for the PSLF program and to its specific determinations as to whether AILA qualified. I received an email response from the Department on March 11, 2015, seeking clarification as to a portion of my request. I provided this clarification on March 18, 2015.

7. On May 5, 2015, I received an interim response and production from the Department, stating that the Department had identified 200 pages of documents responsive to my request; however, the Department withheld 198 pages of these documents, claiming deliberative process privilege under 5 U.S.C. § 552(b)(5). On July 1, 2015, I received a final response from the Department, indicating that it could not identify records responsive to the remainder of my request because such documents were housed on the system of the Pennsylvania Higher Education Assistance Agency ("PHEAA"), the Department's PSLF servicer, which conducts business as FedLoan Servicing.

8. I appealed the Department's denial of information by submitting a letter to the Department's FOIA Appeals Office on August 4, 2015. On June 13, 2016, I was contacted by a Department FOIA Analyst, who inquired as to whether I still wished to pursue my appeal. I responded the same day, indicating that I did wish to pursue the appeal.

9. After receiving no further communications from the Department, on April 28, 2017, I filed an action in this Court against the Department, seeking to obtain a response to my FOIA request. *See* Complaint, *Voigt v. Dep't of Educ.*, No. 17-cv-790 (DLF) (D.D.C. Apr. 28, 2017).

-3-

10. In relation to the ongoing FOIA litigation, the Department provided additional documents responsive to my request on July 12, August 18, and October 17 of this year.

11. The documents produced on October 17, 2017 included one of the documents submitted as an exhibit to Plaintiffs' Memorandum in Support of Plaintiffs' Supplemental Motion for Extra-Record Review. *See* July 21, 2017 Email from Robert Cameron, Deputy Chief Counsel, PHEAA, to John Grugan, Pls.' Mem. in Supp. of Pls.' Supplemental Mot. for Extra-Record Review, Ex. D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this Declaration was executed on December 7, 2017.

Kate A. Voigt