# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN BAR ASSOCIATION; *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No. 16-2476-TJK<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF EDWARD F. ROCHE IN SUPPORT OF PLAINTIFFS'
SUPPLEMENTAL MOTION TO ALLOW FOR EXTRA-RECORD REVIEW OR, IN
THE ALTERNATIVE, TO ALLOW FOR JUDICIAL NOTICE**

I, Edward F. Roche, hereby declare as follows:

1.　　I am an attorney licensed in Massachusetts and the District of Columbia. I am admitted to the Bar of this Court. I am an associate with the firm Ropes & Gray LLP.

2.　　Along with Chong S. Park and John T. Dey, I represent the Plaintiffs in the above-captioned case.

3.　　This declaration is submitted to provide additional information regarding my May 30, 2017 public records request and information regarding my September 29, 2017 public records request, each of which I submitted to the U.S. Department of Education's ("Department") Public Service Loan Forgiveness ("PSLF") servicer, the Pennsylvania Higher Education Assistance Agency ("PHEAA"), which does business as FedLoan Servicing. I submitted my requests pursuant to Pennsylvania's Right-to-Know Law ("RTKL"), 65 P.S. § 67.101, *et seq.*

-2-

4.     Pennsylvania's Office of Open Records ("OOR") issued its final determination regarding my May 30, 2017 RTKL request on September 21, 2017. In its determination, the OOR concluded that PHEAA is obligated to produce an unredacted version of a PSLF guidance document provided to it by the Department. To date, PHEAA still has not produced this document and instead filed an appeal of the OOR's final determination in Pennsylvania's Commonwealth Court on October 23, 2017. This appeal remains ongoing.

5.     Also in its final determination, the OOR concluded that PHEAA's production in response to my other requests was sufficient, despite my argument that PHEAA failed to demonstrate it had conducted a good-faith search for documents as required by law. The OOR also did not address my argument that documents produced indicated the existence of other documents responsive to my request that were missing from the production. Accordingly, on October 23, 2017, I filed an appeal of this aspect of the OOR's ruling in Pennsylvania's Commonwealth Court. In addition, I concurrently followed the suggestion of the OOR by submitting a new RTKL request to PHEAA specifying the search terms the agency should employ in conducting its search for responsive documents. I submitted this new RTKL request on September 29, 2017.

6.     In response to my September 29, 2017 request, PHEAA requested an additional 30 days to produce responsive documents. I consented to this request. On November 3, 2017, just three days before the deadline, PHEAA again contacted me, this time asking for yet another extension such that it could produce documents on a rolling basis until November 17, 2017, with no guarantee that the production would be complete even by that extended due date. I declined this request and asked that all responsive documents be produced on the agreed upon due date of November 6, 2017. Nonetheless, PHEAA provided only a partial production on November 6,

2017, and sent the remaining responsive documents to me in hard-copy format on November 17, 2017, resulting in my not receiving the complete production until November 20, 2017.

7.   Included in PHEAA's partial November 6, 2017 production were two of the documents submitted as exhibits to Plaintiffs' Memorandum in Support of Plaintiffs' Supplemental Motion for Extra-Record Review.  *See* July 21, 2017 Email from Kimberly Myers, Compliance Services, PHEAA, to Theresa Helwig, Compliance Coordinator, PHEAA, Pls.' Mem. in Supp. of Pls.' Supplemental Mot. for Extra-Record Review, Ex. C; June 26, 2017 Email from Kimberly Myers, Compliance Services, PHEAA to Kelly Nutter, PHEAA, *id.*, Ex. E.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this Declaration was executed on December 8, 2017.

                                                                              */s/ Edward F. Roche*

                                                                               Edward F. Roche